UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOMERO REYES,<br><br>    Plaintiff(s),<br><br>v.<br><br>CARDENAS MARKETS, LLC, et al.,<br><br>    Defendant(s). | Case No. 2:23-cv-01346-RFB-NJK<br><br>**Order**<br><br>[Docket No. 11] |

    Pending before the Court is the parties' amended proposed discovery plan. Docket No. 11. This is a personal injury case in which Plaintiff has undergone medical treatment and is continuing treatment, including potentially a future surgery. The parties seek to elongate the presumptively reasonable discovery period by 50% (from 180 days to 269 days) so that they can "determine whether Plaintiff intends to get this surgery, collect all of his medical records for their experts to review[,] and determine whether there are any pre-existing medical records of note that may be relevant to this fall." *Id.* at 2.

    The Court has received in recent weeks a number of similar, bare-bones discovery plans seeking special scheduling review. When the parties seek the default discovery schedule, a bare-bones discovery plan may suffice. When the parties seek special scheduling review, particularly when they seek a 50% increase to the presumptively reasonable discovery period, they must provide meaningful reasoning to justify the relief being sought.[1] Simply stating that medical issues

---

[1] The caption in the discovery plan is nonsensical in that it indicates both that it is submitted in compliance with Local Rule 26-1(b) and that it seeks special scheduling review. Docket No. 11 at 1. It is one or the other, but it cannot be both. *See* Local Rule 26-1(a).

    There is also no requirement in the current local rules to file an interim status report, so that deadline should not appear in the discovery plan.

1

are involved in a case, or that there is continuing treatment, is not sufficient to justify special scheduling review as that is the scenario in many cases. The question presented is whether discovery can be completed on the default timetable and, if not, what a suitable schedule would be, so the discovery plan needs to connect the dots as to why the circumstances described are such that the deadlines requested are appropriate.

The explanation provided here leaves several gaps, including basic information such as the expected process and timeline for obtaining medical records, as well as the expected timeline for Plaintiff to decide on the surgical recommendation. The Court may well be able to fill some gaps given its own experience in overseeing similar cases, but the Court is also not an attorney working for the parties and should not be tasked with such efforts.

As a <u>one-time courtesy</u> to counsel, the Court will allow the special scheduling review in this instance, but counsel must moving forward to make a better developed showing. Accordingly, the discovery plan is **GRANTED** and deadlines are **SET** as follows:

- Initial disclosures:  September 18, 2023
- Amend pleadings/ add parties:  February 26, 2024
- Initial experts:  March 27, 2024
- Rebuttal experts:  April 26, 2024
- Discovery cutoff:  May 24, 2024
- Dispositive motions:  June 21, 2024
- Joint proposed pretrial order:  July 19, 2024, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: September 21, 2023

_____
Nancy J. Koppe
United States Magistrate Judge